# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

| | |
|---|---|
| LEANNA K. RUSSELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner, )<br>Social Security Administration, )<br>)<br>Defendant. ) | No. 07-5031-SSA-CV-SW-WAK |

## ORDER

Claimant Leanna Russell seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Supplemental Security Income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1383 *et seq*. She claims she became disabled beginning in March 2004. The parties' briefs were fully submitted, and on November 8, 2007, an oral argument was held.

"Title II of the Social Security Act provides for the payment of insurance benefits to persons who suffer from a physical or mental disability, and Title XVI provides for the payment of disability benefits to indigent persons. The Act further provides that 'an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . .' 42 U.S.C. § 423(d)(2)(A) (2003)." Lewis v. Barnhart, 353 F.3d 642, 645 (8th Cir. 2003).

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not,

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Leanna Russell was born in 1959 and has a General Educational Development (GED) certificate. She is 4 feet 11 inches tall and weighs approximately 178 pounds. She has prior work experience as a home health aide and a produce sorter. She asserts she is disabled because of degenerative arthritis and diabetes, and that her impairments began in January 2003.[2]

After evaluating the evidence, the Administrative Law Judge (ALJ) found Russell had "the following 'severe' impairments: degenerative disc disease of the lumbar spine at the L5-S1

---

[2]See plaintiff's application for Supplement Security Income. (Tr. 57.)

disc level, with complaints of low back and leg pain; degenerative joint disease of the right knee, status post right tibial osteotomy in March 2004; degenerative disc disease of the cervical spine at the C5-6 and C6-7 disc level, with complaints of upper back and upper extremity pain; obesity, with height of 4 feet 11 inches and weight of 178 pounds; and diabetes mellitus, with recent placement on insulin therapy." (Tr. 19.) The ALJ found claimant had other conditions that were not severe under the relevant regulations. Those included hypertension, hyperlipidemia, minimal obstructive lung defect, episode of acute costochondritis and functional bowel disorder with a history of colon polyps. The nonsevere impairments were considered in the combination of plaintiff's impairments.

The ALJ summarized the evidence and determined plaintiff's testimony with respect to the severity of her condition was not credible or supported by the record. He noted plaintiff was a former alcoholic, had low earnings, a poor or sporadic work history, sporadic medical treatment, and still smoked after being advised to stop. He then found she had the residual functional capacity to perform sedentary work with some noted restrictions. Examples of such jobs were identified as a charge account clerk or addressing clerk.

In her request for judicial review, Russell asserts the ALJ erred by not giving proper weight to her primary health care provider, not properly assessing her residual functional capacity, and not properly assessing her credibility. Further, she claims the appeals council erred when it did not consider new and material evidence.

First, plaintiff contends the ALJ should have given more weight to the opinion of Ms. Ingalls, the nurse practitioner who provided much of Russell's primary care. If Ms. Ingalls' opinion was given controlling weight, plaintiff would be unable to work and thus, disabled within the meaning of the Social Security Act. The ALJ gave little weight to Ingalls' opinion because, as a nurse practitioner, she was not an acceptable medical source under the regulations. Further, he found her opinion to be inconsistent with the totality of the evidence.

Plaintiff asserts Ingalls falls into the category of "other" medical sources and as a primary treating provider, her opinion should have been given more weight. Under the regulations, Ingalls is not a treating source and her opinion is not considered a medical opinion. See 20 C.F.R. § 416.913, 20 C.F.R. § 416.927 and Lacroix v. Barnhart, 465 F.3d 881, 885-86 (8th Cir. 2006).

3

Nevertheless, plaintiff claims Ingalls should be given treating source status because of the collaborative physician reviews done by Dr. James Warn, which constituted a team approach to her health care. A general review of the medical records from that provider, however, suggests Dr. Warn conducted a records review or spoke to Ingalls about plaintiff's care on dates after plaintiff was seen by Ingalls. There is no indication that Warn examined plaintiff, actively participated in her treatment or approved the medical source statement submitted by Ingalls. In the absence of such evidence, Ingalls' opinion cannot be elevated to that of a treating source based upon Dr. Warn's after-the-fact records review.

Ingalls' opinion, however, is entitled to consideration as an "other medical source." It is used to assist the ALJ in determining the severity of Russell's impairments and how they affect her ability to work. Lacroix v. Barnhart, 465 F.3d at 886-87. In weighing Ingalls' opinion, the ALJ has more discretion than with an opinion from an acceptable medical source and is permitted to consider any inconsistencies found in the record. Id.

In this case, the ALJ gave little weight to Ingalls' opinion because he found it inconsistent with other evidence in the record. Although there is evidence on the record that clearly supports plaintiff's allegations of pain and limitations, and that supports the opinion of Ingalls regarding plaintiff's impairments, there is also substantial evidence to support the ALJ's decision to give them little weight.

"It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. See Jenkins v. Chater, 76 F.3d 231, 233 (8th Cir. 1996); Bentley v. Shalala, 52 F.3d 784, 785 (8th Cir. 1995). The ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole. Bentley, 52 F.3d at 786." Pearsall v. Massanari, 274 F3d 1211, 1219 (8th Cir. 2001). If it is the ALJ's job to resolve conflicts with treating and examining physicians, it follows that it is also his function to resolve conflicts among the opinions of other treating and consulting medical sources.

After review, the court does not find the ALJ committed reversible error in his assessment of the evidence and in determining the weight to be given to Ingalls' opinion.

Next, plaintiff asserts the ALJ erred in assessing Russell's credibility. "Where adequately explained and supported, credibility findings are for the ALJ to make." Lowe v.

Apfel, 226 F.3d 969, 972 (8th Cir. 2000).  Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence.  Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003).  Nevertheless, the ALJ's decision to discredit such complaints must be supported by substantial evidence based upon the record as a whole.  Dixon v. Barnhart, 353 F.3d at 605; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005) (deference to ALJ's credibility determination appropriate if decision supported by good reasons and substantial evidence).

The ALJ referenced Polaski v. Heckler, 751 F.2d 943 (8th Cir. 1984), and specifically set forth what he considered to be inconsistencies in the record.  In reviewing the record as a whole, the court finds substantial evidence to support the ALJ's conclusion that claimant overstated her impairments or had benefitted from treatment such that her symptoms were less severe than previously.  Notwithstanding her restricted daily activities, Russell's sporadic work record, continuation of smoking against medical advice, and somewhat sporadic medical treatment weigh in favor of the ALJ's findings.

The ALJ acknowledged plaintiff had limitations and was experiencing pain.  The issue is not whether plaintiff was experiencing pain during the coverage period, but how severe the pain was and whether it was disabling.  Dolph v. Barnhart, 308 F.3d 876, 880 (8th Cir. 2002); Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. (2001); Thomas v. Sullivan, 928 F.2d 255, 259 (8th Cir. 1991).

Third, plaintiff claims the ALJ was required to make specific function-by-function findings of her physical capabilities prior to deciding her RFC, and that he failed to do so.  The ALJ's determination of  residual functional capacity must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  It is a medical consideration that, in essence, defines "what he or she can do despite his or her limitations.  20 C.F.R. § 404.1545." Pearsall v. Massanari, 274 F.3d 1211, 1214 (8th Cir. 2001).  Thus, the ALJ must set forth the limitations and determine how those limitations affect his or her RFC.  Lewis v. Barnhart, 353 F.3d at 646.

The ALJ concluded that Russell had the residual functional capacity to perform sedentary work, with certain restrictions.  Specifically, the ALJ said

5

> Substantial evidence convinces the undersigned that claimant, secondary to her overall medical condition, including her obesity, would have the following residual functional capacity: She would be limited to sedentary work as defined in the regulations. Crawling and kneeling would be contraindicated, albeit claimant could occasionally squat and stoop. The use of air or vibrating tools, as well as working at unprotected heights, around dangerous, moving machinery, and in extremes of temperature and humidity, would all be contraindicated.

(Tr. 23.)

Plaintiff states that prior to determining she fell within the sedentary exertional category, the ALJ should have made specific findings regarding the amount of weight she could lift or carry, how long she could stand and/or walk, and how long she could sit. Defendant responds that the ALJ found plaintiff's limitations in those areas to be those associated with the regulations' definition of sedentary work. Thus, plaintiff was limited to lifting no more than ten pounds, occasionally lifting or carrying articles like small tools or docket files, occasionally walking and occasionally standing. Pursuant to the rules, a sedentary job is defined as one which involves sitting. See 20 C.F.R. § 404.1567.

If an ALJ implicitly finds a claimant is not limited in the areas of sitting, standing and walking, it is not error for him to fail to articulate specific findings for those functions. Depover v. Barnhart, 349 F.3d 563, 567 (8th Cir. 2003). Specific findings are preferable, but when the hypothetical to VE includes the RFC that the ALJ found, and then more limitations, it is implied that the ALJ considered the required functions. Id.

The ALJ's written decision in this case could have been more explicit with regard to claimant's work-related abilities. In his opinion and in his hypothetical to the vocational expert, the ALJ relied upon his knowledge and the expert's knowledge of the functional abilities defined for sedentary work. In doing so, he implicitly found that Russell was not limited in sitting, but was limited to occasional walking and standing.[3]

---

[3] Even Ms. Ingalls' opinion indicates that plaintiff could stand and/or walk continuously on a regular basis during an eight-hour workday for thirty minutes, and that rest would not be medically helpful or necessary during an eight-hour workday in coping with symptoms. Ms. Ingalls, however, found plaintiff was also limited in the length of time she could sit during an eight-hour workday. (Tr. 234-36.)

6

In some cases, the lack of specific details related to the residual functional capacity could make it impossible to determine whether there was substantial evidence on the record to support the decision.  See Pfitnzer v. Apfel, 169 F.3d 566, 568-69 (8th Cir. 1999).  Here, however, there were specific details with regard to some functions and implicit findings with regard to others.  The record does not reveal that the ALJ overlooked any of the required functions or committed reversible error based upon defects in his opinion writing.

Finally, plaintiff claims the evidence submitted to the appeals council warrants reversal.  The appeals council will consider new evidence if it is material, which means that it is relevant to the claimant's condition for the time period for which benefits were denied.  Roberson v. Astrue, 481 F.3d 1020, 1026 (8th Cir. 2007). Having reviewed the evidence, the court does not find that it requires reversal under the circumstances of this case.

For these reasons and those set forth in more detail in the Commissioner's brief and at oral argument, it is

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 29th day of November, 2007, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge